### MT. MORRIS CO-OP. BUILDING & LOAN ASS'N v. SMITH et al.

(Supreme Court, Special Term, New York County.   March 13, 1909.)

TRUSTS (§ 284*)—CONVEYANCE OF TRUST PROPERTY TO CESTUI QUE TRUST.

Where a trust deed gave the trustee power to sell or dispose of any or all of the property with the consent of the beneficiary, and further authorized the trustee in his discretion to pay over any part of the principal after conversion for the use or maintenance of the beneficiaries, a conveyance from the trustee to the beneficiary was valid.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 405; Dec. Dig. § 284.*]

Action by the Mt. Morris Co-operative Building & Loan Association against Martha T. Smith and others.   Judgment for plaintiff.

T. & S. Reaves, for plaintiff.

W. R. Yard, for defendants.

NEWBURGER, J.   This action is brought to determine the validity of a trustee's deed.   On the 9th day of August, 1890, Martha T. Smith, the then owner of the land in question, mortgaged the same to the Citizens' Savings Bank for $9,000.   She subsequently, on the 8th day of November, 1890, conveyed the premises to Drake V. Smith, her son, subject to the above mortgage.   On the 27th day of July, 1894, said Drake V. Smith conveyed the same property to Francis V. Smith, as trustee, to hold said premises during the lives of George Drake Smith, the father, and Martha T. Smith, the mother, of said grantor, Drake V. Smith, and to receive the rents, issues, and profits thereof, and to apply the same to the use of the father and mother of said grantor in equal shares during their joint lives, and on the death of either of them to apply the whole of the income for the benefit of the survivor of said father and mother, and after both were dead, the deed provides, in the words of the grantor, that the trustees should—

"convey the said premises, or so much thereof as may be then held by him under the trust herein provided, unto the children of my said parents then surviving, and to the issues of any deceased child or children, such issue, if any, to take the share which his, her, or their parents would have taken if living."

It further designates the authority of the trustee as follows:

"And I hereby authorize and empower my said trustee or his successor in his discretion to renew any mortgage that may be upon the said property or any part thereof, and to lease the whole or any part of said premises for such term or terms of years and for such rent and upon such covenants as to him may seem proper, and also, if the said trustee shall at any time deem it advisable for the best interest of said trust estate, to sell or dispose of any or all of said property so held by him in trust, with the consent, however, of my said parents or the survivor of them first had and obtained in writing, either at public or private sale, and upon such terms as to him shall seem proper,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and to give good and sufficient deed or deeds of conveyance therefor to the purchaser or purchasers thereof, and to invest and hold the proceeds upon the trust and for the purpose hereinbefore mentioned. I hereby empower my said trustee or his successors at any time in his discretion to pay over and apply such part or parts of the principal of said trust, after a conversion thereof as hereinbefore provided, to my said parents or either of them, for their use or maintenance or the advancement of their condition, as he may think proper."

The trustee, Francis V. Smith, by a full-covenant and warranty deed, conveyed the property to said Martha T. Smith on the 18th day of October, 1895. Both said Martha T. Smith and her husband, George D. Smith, joined in the execution of said deed for the purpose of consenting to the transfer as provided in the deed of trust. Martha T. Smith went into possession and thereafter borrowed from the plaintiff $9,500, executing and delivering a mortgage for that amount. Part of this amount was used to discharge the mortgage of the Citizens' Savings Bank. Some of the defendants contend that the deed from Francis V. Smith, trustee, was not in accordance with the express terms of the trust. A careful reading of the trust deed discloses the fact that the trustee had power—

"to sell or dispose of any or all of said property, with the consent, however, of my said parents."

It furthermore authorized the said trustee—

"in his discretion to pay over and apply such part or parts of the principal of said trust, after a conversion thereof as hereinbefore provided, to my said parents or either of them, for their use or maintenance or the advancement of their condition, as he may think proper."

It will thus be seen that the trustee had the discretion, provided he had the consent of the beneficiaries, to dispose of the property as he deemed best, whether by sale, mortgage, or otherwise, and, having exercised the discretion thus given him, the conveyance made by him was proper, and plaintiff had a perfect right to make the loan and accept the mortgage from Martha T. Smith. I am, therefore, of the opinion that the deed from Francis V. Smith, the trustee, to Martha T. Smith, on the 18th day of October, 1895, was a valid conveyance and that plaintiff's title is good.

Submit findings and decree.